David A. Mazie, Esq.
Cory J. Rothbort, Esq.
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 228-9898
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARL KONZMAN and ROYA KONZMAN, as Guardians ad Litem for N.K., a minor, and ROYA KONZMAN, individually,<br><br>    Plaintiffs,<br><br>    v.<br><br>WAWA, INC.,<br><br>    Defendant. | CIVIL ACTION NO.:3:18-CV-08903-PGS-TJB<br><br>**ORDER OF JUDGMENT APPROVING SETTLEMENT AND PAYMENT OF ATTORNEYS' FEES, DISBURSEMENTS** |

THIS MATTER having come before the Court on application of Mazie Slater Katz & Freeman, LLC, attorneys for Carl Konzman and Roya Konzman, as Guardians ad Litem for N.K., a minor and Roya Konzman, individually pursuant to R. 4:44-3; and the Court having considered the papers submitted, and the testimony at the Friendly hearing; and for good cause shown,

IT IS on this _30_ day of _March_, 2020,

ORDERED as follows:

1.      The Court hereby adopts and approves the report and recommendation of Adam Dratch, Esq. that the net settlement funds be apportioned as follows:

            15% to Roya Konzman's individual claim;

            85% to the infant plaintiff, N.K.'s individual claim;

2.      The Courts finds that the settlement for the infant plaintiff, N.K.'s individual claim in the gross amount of $2,550,000.00 is fair, reasonable and adequate to

compensate her for her physical, psychological and economic injuries sustained as a result of the April 25, 2018 burn incident.

3.      In accordance with the terms of the parties' settlement, judgment is entered in favor of Carl Konzman and Roya Konzman, as Guardians ad Litem for N.K., a minor, in the gross amount of $2,550,000.00 against the Defendant.

4.      Out of N.K.'s gross recovery of $2,550,000 for her individual claim, her net recovery shall be $1,901,481.79 after the following deductions are made:

$14,908.01 for her share of the expenses;

$597,149.94 in attorneys' fees;

$36,460.26 for her health insurance lien

5.      The net settlement proceeds allocated to N.K. of $1,901,481.79 shall be distributed as follows: a) $901,481.79 of the money to be paid into a support trust; b) $1 million to purchase a structured settlement from USAA Annuity Services Corporation.

6.      The amount of $1,000,000.00 shall be paid directly by ACE American Insurance Company to USAA Annuity Services Corporation to fund the periodic payments listed below. The obligation of ACE American Insurance Company to make the periodic payments will be assigned to USAA Annuity Services Corporation (Assignee) by way of a qualified assignment within the meaning of Section 130 (c) of the Internal Revenue Code of 1986, as amended, by ACE American Insurance Company.  The Assignee will fund its obligation to make payments through the purchase of an annuity from USAA Life Insurance Company, an A++ rated life carrier by the independent rating service, A.M. Best.  Periodic payments will be made as follows:

Payee:  N.K. Settlement Protection Trust

- $4,549.62 payable monthly beginning 10/06/2032, guaranteed for 30 years certain, with the last guaranteed payment on 09/06/2062;

- $80,000.00 payable annually beginning 10/06/2032, guaranteed for 4 years certain, with the last guaranteed payment on 10/06/2035.

Any payments to be made after the death of N.K. pursuant to the terms of the Settlement Agreement shall be made to the N.K. Settlement Protection Trust or to any such person or entity as shall be designated in writing by N.K. to the Assignee upon reaching the age of majority.

The projected funding date of the structured settlement is May 1, 2020. Any delay in funding the structured settlements may result in a delay of the payment dates by an equal number of days, or at the discretion of USAA Life Insurance Company, the payment amounts will be adjusted to reflect the delay in funding.

7.     The Court finds that the USAA Annuity Services Corporation is financially secure, and that there is a reasonable certainty that all future payments provided for through the annuities will be made.

8.     The amount of $901,481.79 shall be paid directly by Wawa, Inc. to the N.K. Settlement Protection Trust.

9.     ACE American Insurance Company is to make payment in the amount of $36,460.26 to The Rawlings Company for a health insurance lien. The check, to be made payable to Rawlings Company, will be issued to Mazie Slater Katz & Freeman, LLC which will issue payment directly to The Rawlings Company to satisfy the lien.

10.     The gross sum of $450,000.00 shall be allocated to plaintiff, Roya Konzman.

11.     Out of Roya Konzman's gross recovery of $450,000.00 for her individual claim, her net recovery shall be $298,246.12 after the following deductions are made, which the Court finds to be reasonable:

$2,630.82 for her share of the expenses.

$149,123.06 in attorneys' fees.

12.     Wawa, Inc. and ACE American Insurance Company are to make payments in the total amount of $763,811.83 to the law firm of Mazie Slater Katz & Freeman, LLC for its fees and case expenses  ($17,538.83 for actual disbursements and costs of suit; $597,149.94 in attorney fees for the claims of N.K.; and $149,123.06 in attorney fees for the claims of Roya Konzman).

13.     That all sums recovered in this settlement constitute personal physical injury damages within the meaning of §104(a)(2) of the Internal Revenue Code 1986 as amended.

14.     The obligations of Wawa, Inc. and its insurer, ACE American Insurance Company, are satisfied upon payment of the sums set forth herein.

15.     This settlement represents the settlement and compromise of disputed claims and it is not to be considered as an admission of any wrongdoing, liability, or causative fault, on the part of Wawa, Inc.


HONORABLE TONIANNE J. BONGIOVANNI, U.S.M.J.